70 F.3d 638
 315 U.S.App.D.C. 77
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Billie Clem RAE, Appellant.
 Nos. 93-3160, 94-3082.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 8, 1995.
 
 Appeals from the United States District Court for the District of Columbia.
 Before: WALD, SILBERMAN, and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These causes came to be heard on the record on appeal from the United States District Court for the District of Columbia, and were briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the conviction and order be affirmed in full, for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 Billie Clem Rae appeals from his conviction after a jury trial on counts of mail fraud, bankruptcy fraud, murder for hire, obstruction of justice, and from the denial of his motion for return of property. On appeal, he challenges the district court's determination that he was competent to stand trial; the court's refusal to grant a continuance mid-trial to allow him to find an expert witness; the court's decision to allow him to address the jury prior to his counsel's closing argument; the sufficiency of the evidence; and the release of property seized from him at his arrest to courts holding valid writs of attachment for child support payments. We affirm the order and the conviction on all counts.
 
 
 5
 The only issue meriting discussion is the district court's decision to allow Mr. Rae to make a statement to the jury. After the government's initial closing argument, Mr. Rae asked first, that he be allowed to reopen the proceedings to testify, and second--after discussion with the judge--that he be allowed to address the jury prior to his counsel's closing argument. Defense counsel strenuously objected to Mr. Rae speaking to the jury and moved to withdraw, but the court granted Mr. Rae's request and insisted that defense counsel remain in the case and give a closing argument. Mr. Rae proceeded to address the jury for approximately 20 minutes. Defense counsel subsequently drew on Mr. Rae's remarks in his closing argument. The government then noted in response that the defendant had had the opportunity to present to the jury "a bunch of statements not subject to cross-examination."
 
 
 6
 We are troubled by the court's decision to allow the defendant to address the jury over the objection, and indeed over the motion to withdraw, of defense counsel. While such an address to the jury is not unheard of, it is highly unusual, and we can find no case allowing it over the objection of defense counsel. Despite our concerns, we conclude that even if allowing Mr. Rae to address the jury in this instance was error, it was not prejudicial error. The main prejudice alleged is that Mr. Rae was cut off by the court before he had addressed all significant aspects of the charges against him. But the court announced in advance that Mr. Rae would speak for 20 minutes, and warned him to conclude his address nine sentences before it finally cut him off. Defense counsel was also able in closing to elaborate on aspects of the charges not reached by Mr. Rae and to tie the address in with the defense theory. And while his address was incomplete, Mr. Rae may still have benefitted from making a statement without cross-examination. The government's reference in closing to this lack of cross-examination was not prejudicial because it did not comment directly on the defendant's failure to testify. Under these circumstances, the defendant's address to the jury does not warrant reversal.